**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

GLENN WHITE,                                )
                                            )
         Plaintiff,                         )        Civil Action No. _____
                                            )
v.                                          )        **COMPLAINT**
                                            )        **WITH JURY TRIAL DEMAND**
EQUIFAX INFORMATION SERVICES                )
LLC; LVNV FUNDING, LLC; SPRING              )
OAKS CAPITAL, LLC                           )
                                            )
         Defendants.                        )
_____            )

**PRELIMINARY STATEMENT**

1.      The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.* (the "FCRA") to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.

2.      Under the FCRA, consumer reporting agencies are charged with two primary duties: the duty to follow reasonable procedures to assure maximum possible accuracy of information when preparing consumer reports; and the duty to reasonably reinvestigate consumers' disputes of inaccurate information.

3.      Defendants compiled, maintained, and reported information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character, and general reputation. Then, that information was made available for use by third parties in credit transactions involving Plaintiff, for employment purposes, the underwriting of insurance for Plaintiff, and even in connection with a determination of Plaintiff's eligibility for a license or other governmental benefit.

1

4.     Accordingly, and pursuant to various provisions of the FCRA, Plaintiff has a legally protected interest in Defendants fulfilling its duties under the FCRA, so that the information reported and maintained by Defendants is done so in a manner which is fair and equitable to Plaintiff, with regards to the confidentiality, accuracy, and relevancy of that information.

5.     This action for damages is based on Defendants' false reporting on Plaintiff's credit file and/or reports, and failures to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

**PARTIES**

6.     Plaintiff, Glenn White, is an individual, natural person and is a "consumer" as that term is defined at 15 U.S.C. § 1681a(c).

7.     Defendant, Equifax Information Services, LLC ("Equifax"), regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties for monetary compensation and uses interstate commerce to furnish the reports. Accordingly, Equifax is a "consumer reporting agency" as that term is defined by FCRA at 15 U.S.C. § 1681a(f).

8.     Defendant, LVNV Funding, LLC ("LVNV") is a debt collector headquartered in Greenville, South Carolina and one of the largest collection companies in the United States. LVNV furnishes debtor's information to consumer reporting agencies and is a "furnisher" governed by FCRA at 15 U.S.C. § 1681s-2.

9.     Defendant, Spring Oaks Capital, LLC ("Spring Oaks") is a debt collector that collects debts originated by companies in banking, rental and other industries. Spring Oaks furnishes debtor's information to consumer reporting agencies and is a "furnisher" governed by FCRA at 15 U.S.C. § 1681s-2.

2

**JURISDICTION AND VENUE**

10.    This Court has federal question jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 1681p, U.S.C. § 1692k and 28 U.S.C. § 1331.

11.    Pursuant to 28 U.S.C. § 1391, venue is proper in this district because Plaintiff resides here and substantial part of events or omissions giving rise to the claims occurred here.

**ALLEGATIONS OF FACT**

12.    Mr. Glenn White was in the market for credit and requested his credit file from Equifax and found several inaccurate items within his file, including credit accounts furnished by co-defendants LVNV and Spring Oaks.

*Plaintiff's Section 1681e(b) Claim*

13.    In an Equifax credit file there are two sections, including sections for credit accounts and collection accounts.

14.    Debts reported as credit accounts are reserved for revolving accounts, mortgage accounts, installment loans, lines of credit or other accounts where money is lent.

15.    Collections, on the other hand, represent debts that have become delinquent and have been transferred or sold to a third party for collection.

16.    Debt collectors such as defendants LVNV and Spring Oaks do not lend money to consumers and never issues credit accounts.

17.    By reporting that Mr. White had credit accounts with the debt collectors, Equifax misrepresents that he obtained a loan or credit from the debt collectors.

18.    Equifax's report was inaccurate because Mr. White did not have a credit account with LVNV and Spring Oaks. Nor did he owe any money to those debt collectors.

19.    In fact, the debt collectors do not lend money to any consumers and never provide credit accounts to any consumers or debtors.

3

20.    Due to an error in the debt collectors' reporting mechanism with Equifax, the debt collectors *always* report debts in a manner that misrepresents the character and/or type of debt and result in debts appearing as credit accounts instead of collections.

21.    Equifax knows LVNV and Spring Oaks are furnishing inaccurate information when they represent themselves as creditors collecting on credit accounts.

22.    Despite being aware of the debt collectors' systemic inaccurate reporting, Equifax has failed to adopt and/or implement procedures to prevent errors from appearing or remove the errors in consumer reports.

23.    LVNV and Spring Oaks have not fixed the problem because the cost of changing its reporting procedures will frustrate its profit goals.

24.    Further, LVNV and Spring Oaks elect not to change their reporting procedures because they benefit from having collection accounts appear as credit accounts.

25.    Specifically, a large percentage of the debts reported by LVNV and Spring Oaks are either debts that they do not own, or the debts are not owed by the debtors.

26.    When compared to collection accounts, a debtor is less likely to challenge and more likely to pay a debt appearing as a credit account.

27.    A collection listed as a credit account causes confusion and that confusion often leads to debtors paying debts that they do not owe.

28.    Both Equifax and the debt collectors believe they can get away with their illegal conduct because the general profile of the affected debtors are marginalized people without the resources to challenge them.

### Plaintiff's Section 1681g Claim

29.    The FCRA requires that Equifax clearly and accurately disclose all information in a consumer's file upon request from such consumer.

4

30.     Although the debt collectors are misclassifying the collection accounts as credit accounts when they report the debts to Equifax, the debt collectors are reporting that they are debt buyers and identify the purported original creditor(s).

31.     Despite receiving information on a purported original creditor, Equifax did not disclose the information on the original creditor to the Plaintiff.

32.     According to the Consumer Data Industry Association ("CDIA"), the industry leading organization for furnishers and consumer reporting agencies, the "original creditor is required for collection agencies" and "must be present each time the account is reported."

33.     Further, the CDIA states the "purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports."

34.     Continuing, the CDIA notes that "[w]ithout the original creditor names, consumers may not know what the accounts represent."

35.     Thus, Equifax knows that it is required to report the original creditor's name and its' failure to do so will cause consumers not to recognize the account.

36.     Notably, the two other national consumer reporting agencies, Experian and Trans Union, have abided by the CDIA's edicts and implemented procedures that assure the original creditor name is included in all collection accounts that appear in their reports.

37.     In lawsuits against Trans Union, the consumer reporting agency has described a procedure to assure maximum accuracy that reviews all METRO II data for format errors like "data with mandatory fields that are blank" or "for anomalies in content (such as a creditor who normally reports 10% of its accounts as in collection suddenly reporting 90% of its accounts in collection" prior to the data being loaded to the database.

38.     If Equifax had made the same investment in its procedures that were made by both Experian and Trans Union, then Equifax's credit reports would not be littered with collection accounts that do not contain the original creditor's name.

39.     Nonetheless, Equifax continues to knowingly omit the original creditor's name because Equifax does not want to incur the costs of implementing a procedure to correct the debt collector's misclassification of the account.

40.     While Equifax does not want to incur the cost of correcting the problem, Equifax continues to accept information from these unreliable debt collectors because they are a significant source of income for Equifax.

41.     Equifax has conducted a cost-benefit analysis on whether to incur the costs to fix the error or to apportion a small percentage of those would-be costs to litigating claims brought by aggrieved consumers that fell victims to its conduct.

42.     In choosing to litigate rather than correct, Equifax was motivated to adopt and act on an interpretation of section 1681g that gave it grounds to litigate a defense against the claims that consumers were bound to bring against Equifax for its intentional violations of the FCRA.

43.     Because the language in section 1681g and the obligations of a credit reporting agency that arise from the said language are unambiguous, to give cover to an otherwise indefensible defense, Equifax had to purposely adopt a reading of § 1681g that contravened the clear objective and instruction of the statute.

44.     To achieve its purpose of adopting an interpretation of § 1681g that gave it cover and/or plausible denial, Equifax reads in an accuracy obligation in § 1681g where there is absolutely no language to support such reading.

45.     Specifically, while the statue clearly reads "All information in the consumer's file at the time of the request" must be "clearly and accurately disclose[d] to the consumer," § 1681g(a)(1)(A), Equifax claims that § 1681g only covers inaccurate information.

46.     The Supreme Court has instructed that entities governed by FCRA to steer away from interpretations of the FCRA that have no foundation based in the language of the statute. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007).

47.     There is no language in § 1681g to support Equifax's interpretation that § 1681g governs only information that is inaccurate.

48.     Further, the Supreme Court has instructed anyone governed by the FCRA to heed the warnings and/or holdings of the circuit courts of appeals when it comes to interpreting duties under the FCRA. And the Second Circuit stated, albeit in an unpublished opinion, that "§ 1681g requires consumer reporting agencies to 'clearly and accurately disclose ... [*a*]*ll* information,' not *all accurate information.*"  *Selvam v. Experian Information Solutions, Inc.*, 651 Fed. Appx. 29, 33 (2d Cir. 2016) (citing 15 U.S.C. § 1681g(a) (emphasis in original).

49.     The *Selvam* opinion was rendered in 2016, so Equifax has been on notice, from the Second Circuit, that its interpretation of section 1681g(a) was inaccurate for nearly 10 years.

50.     Additionally, during that same period, in 2015, Equifax was sued by 30+ state attorney generals for, among other things, failing to report the original creditor. More particularly, as a result of the state attorneys' litigation, Equifax agreed to "revise training materials and adopt policies and procedures to notify and instruct Collection Furnishers that the name of the Original Creditor … [is a] mandatory reporting requirement[], and [Equifax] shall reject data that is not provided with the name of the Original Creditor."[1]

---

[1] https://www.ohioattorneygeneral.gov/Files/Briefing-Room/News-Releases/Consumer-Protection/2015-05-20-CRAs-AVC.aspx

51.    Moreover, Equifax has *direct* knowledge that its decision to omit the identity of original creditors when reporting a collection account is causing serious harm to consumers. In a recent lawsuit in the Middle District of Florida, Equifax admitted that its failure to report the name of the original creditor in collection accounts has led to "numerous other lawsuits filed against Equifax." *Clarke v. Equifax Information Services, LLC*, No. 8:25-cv-01499, ECF No. 20, fn. 1 (M.D. Fla. Oct. 1, 2025) (citing *Aguirre v. Equifax Info. Services LLC*, 0:25-cv-61099 (S.D. Fla. June 3, 2025); *Williams El v. Equifax Info. Services LLC*, No. 8:25-cv-01930 (D. Md. June 16, 2025); *Madaris v. Equifax Info. Servcs LLC et al.*, No. 1:25-cv-00503 (S.D. Ohio June 17, 2025).

52.    And based on a review of Pacer for cases filed against Equifax, consumers have been suing Equifax for failing to report the original creditor for several years now.

53.    Considering Equifax has not corrected this error after being sued by consumers for many years, the costs of litigating these lawsuits for Equifax have not been sufficient enough to deter it from continuing to violate the FCRA.

54.    Therefore, a substantial punitive damages award is in tow to be levied against Equifax so that it is deterred from violating the FCRA in the future.

### *Plaintiff's Section 1692e Claim*

55.    The FDCPA prevents debt collectors from making false representations and/or communications in connection with the collect of a debt.

56.    LVNV and Spring Oaks reported to Equifax that Mr. White was indebted to them for an unpaid credit account.

57.    Mr. White never obtained any form of credit or type of loan from LVNV and Spring Oaks. Consequently, Mr. White was confused when he viewed his Equifax report and observed the credit accounts in the report.

58. Upon learning of LVNV and Spring Oaks's claim that he had credit accounts with them; Mr. White wrote to each of them to inquire about their dubious claim(s).

59. In his communication to the debt collectors, Mr. White asked for information that showed he owed a debt to them.

60. Additionally, Mr. White asked the debt collectors to cease their debt collection activity until it was established that he owed a debt to them.

61. None of the debt collectors provided Mr. White with information that would establish that he owed it a debt.

62. LVNV and Spring Oaks were unable to demonstrate they owned a debt for Mr. White because none of them purchased or obtained any debt from a creditor that he owed money.

63. Nonetheless, LVNV and Spring Oaks reported to Equifax that Mr. White was obligated to pay them for the purported debt.

64. And when reporting the debts to Equifax, both LVNV and Spring Oaks reported the debts as if the debts were credit accounts instead of collections—because a consumer is less likely to challenge an unknown credit account than an unknown collection account.

### *Plaintiff's Sections 1681i(a) and 1681s-2(b) Claims*

65. Mr. White disputed the collection accounts with Equifax.

66. From Mr. White's dispute, Equifax knew it was reporting inaccurate and incomplete information regarding the LVNV and Spring Oaks collection accounts.

67. But Equifax did not investigate Mr. White's dispute.

68. Instead of investigating his dispute, Equifax passed the dispute along to the debt collectors, sat back and waited to accept their dispute results as its' own.

69. For their part, LVNV and Spring Oaks did not do a reasonable investigation.

70.    Instead of conducting a careful inquiry into the matters raised in Mr. White's dispute, they cursorily reviewed their records to confirm that their prior reporting was reported verbatim by Equifax.

## COUNT I
## <u>VIOLATIONS OF THE FCRA 15 U.S.C. § 1681e(b)</u>

71.    Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports.

72.    As a result of Equifax's violations of 15 U.S.C. §1681e(b), Plaintiff suffered actual damages, including but not limited to pecuniary expenses and costs, damage to credit profile and financial reputation, loss credit opportunities, emotional distress and feelings of physical sickness.

73.    The violations by Equifax were willful, rendering Equifax liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

74.    Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Defendant Equifax in amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT II
## <u>VIOLATIONS OF THE FCRA 15 U.S.C. § 1681g</u>

75.    Pursuant to 15 U.S.C. § 1681g(a)(1), a consumer reporting agency is mandated to provide a consumer with all information in the consumer's file upon request from the consumer.

76.    Defendant Equifax violated 15 U.S.C. § 1681g(a)(1), by failing to provide the Plaintiff with all information in his file after he requested it.

77.    Equifax violated § 1681g(a)(1) by failing to provide Plaintiff with the original creditor name for certain collection accounts.

78.     As a result of Equifax's conduct, action, and inaction, Plaintiff suffered actual damages, including but not limited to pecuniary expenses and costs, damage to credit profile and financial reputation, loss credit opportunities, emotional distress and feelings of physical sickness.

79.     The violations by Equifax were willful, rendering Equifax liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

80.     Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and attorney's fees from Defendant Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**COUNT III**
**VIOLATIONS OF THE FCRA 15 U.S.C. § 1681i**

81.     Equifax violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation and delete information that could not be verified as accurate and complete.

82.     Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information included in Plaintiff's disputes.

83.     Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to promptly delete or modify the disputed information that was found to be inaccurate, incomplete or unverifiable.

84.     As a result of Equifax's violations of 15 U.S.C. §1681i, Plaintiff suffered actual damages, including but not limited to pecuniary expenses and costs, damage to credit profile and financial reputation, loss credit opportunities, emotional distress and feelings of physical sickness.

85.     The violations by Equifax were willful, rendering Equifax liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

86.     Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Defendant Equifax in amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**COUNT IV**
**VIOLATIONS OF THE FCRA 15 U.S.C. § 1681s-2(b)(1)**

87.     Defendants LVNV and Spring Oaks violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation of Plaintiff's dispute(s) after his disputes were forwarded by Equifax.

88.     Defendants LVNV and Spring Oaks violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information forwarded by Equifax.

89.     Defendants LVNV and Spring Oaks violated 15 U.S.C. § 1681s-2(b)(1)(C)-(D) by failing to report back to Equifax what information was discovered or could have been uncovered upon a reasonable investigation of Plaintiff's dispute(s).

90.     Defendants LVNV and Spring Oaks violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly delete or modify disputed information—that was found to be inaccurate, incomplete or unverifiable—upon a lawful investigation and prevent that disputed information from re-reporting to Plaintiff's credit files.

91.     As a result of Defendants' violations of 15 U.S.C. §1681s-2(b)(1), Plaintiff suffered actual damages, including but not limited to pecuniary expenses and costs, damage to credit profile and financial reputation, loss credit opportunities, emotional distress and feelings of physical sickness.

92.     The violations by Defendants were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, LVNV was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

93.     Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and attorney's fees from Defendants LVNV and Spring Oaks in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT V
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e

94.     Defendants LVNV and Spring Oaks violated 15 U.S.C. § 1692e falsely representing Plaintiff owed a debt that he did not owe.

95.     Defendants LVNV and Spring Oaks violated 15 U.S.C. § 1692e by falsely characterizing a collection account as a credit account.

96.     Defendants LVNV and Spring Oaks violated 15 U.S.C. § 1692e by reporting Plaintiff had a credit account when they knew he did not have a credit account.

97.     Defendants LVNV and Spring Oaks violated 15 U.S.C. § 1692e by reporting that Plaintiff owed it for a debt that it knew it did not own.

98.     As a result, Defendants' violations of 15 U.S.C. § 1692e, Plaintiff suffered actual damages, including but not limited to pecuniary expenses and costs, damage to credit profile and financial reputation, loss credit opportunities, emotional distress and feelings of physical sickness.

99.     Plaintiff is entitled to recover actual and statutory damages, costs and attorney's fees from Defendants LVNV and Spring Oaks in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1692k(a)(1), 1692k(a)(2)(A), and 1692k(a)(3).

## JURY DEMAND

100.    Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, your Plaintiff demands judgment for actual, statutory and punitive damages against all Defendants; for his fees and costs; for prejudgment and post-judgment interest; and any other relief deemed appropriate by this Court.

Dated:    March 27, 2026                                        Respectfully submitted:

**Randall Steketee, Esq.**
Attorney for Plaintiff
**The Steketee Law Firm, LLC**
254 W. 31st Street, 6th Floor
New York, NY 10001
Phone:  917-882-8876
Fax:      917-398-7070
randall@steklawfirm.com